# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ASMAR THOMPSON,

    Plaintiff,

v.

GARY M. LANIGAN, et al.,

    Defendants.

Civil Action No. 16-1913 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Asmar Thompson's ("Plaintiff") ex parte application for a temporary restraining order ("TRO") and preliminary injunction. (TRO Appl., ECF No. 88.) Plaintiff seeks an Order from the Court that requires Defendants[1] "to ensure that [Plaintiff] is transferred to safe housing out of state and have all medical issues resolved." (TRO Appl. ¶ 2.) The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

"The Supreme Court [has] held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in

---

[1] Defendants Commissioner Gary M. Lanigan, Stephen D'Ilio, Dr. Ralph Woodward, Keil Sylvestor, Peter Rodriguez, Elizabeth DiBenedetto and Donique Ivery (collectively, "Defendants").

the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). The Third Circuit has further instructed that a party seeking a TRO must meet all four factors, because "[a] [movant's] failure to establish any element in its favor renders [this remedy] inappropriate." *Id.* A movant has the burden of establishing a "clear showing of immediate irreparable injury," *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted), and "[e]stablishing a risk of irreparable harm is not enough," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

The Court finds that Plaintiff failed to establish the factors that weigh in favor of granting a TRO. Specifically, Plaintiff failed to establish irreparable harm. Here, Plaintiff requests the same relief that he sought in his previous TRO applications and emergent motions to the Court.[2] (*See* Mar. 10, 2017 Mem. Order 5, ECF No. 85.) Similar to his prior submissions, Plaintiff requests medical attention for his left ear and transfer to another institution. The Court, therefore, adopts the reasoning outlined in the March 10, 2017 Memorandum Order. (*See id.* at 2-4.) Because Plaintiff has not demonstrated immediate irreparable harm, the Court finds that he is not entitled to emergent relief.

Consistent with the Court's March 10, 2017 Memorandum Order, Defendants shall submit a certification related to the evaluation and diagnosis from a specialist that specifically addresses the medical issue referenced in Plaintiff's TRO Application (ECF No. 45), underlying Complaint (ECF No. 31), and Motions to Transfer (ECF Nos. 64, 78, 79, 82).[3]

---

[2] The Court denied Plaintiff's TRO application, motions for transfer, and correspondence for emergent relief as it related to the medical examination requested and transfer issues. (Mar. 10, 2017 Mem. Order 5, ECF No. 85.)

[3] In response to the Court's March 10, 2017 Memorandum Order, Defendant Donique Ivery submitted correspondence requesting an extension of time to submit the required certification (Def. Ivery's Letter, ECF No. 90), and the Court granted her request (ECF No. 91).

Accordingly, for the reasons set forth above, and other good cause shown, **IT IS** on this 8th day of April 2017, **ORDERED** that Plaintiff's ex parte TRO application (ECF No. 88) is **DENIED**.[4]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] To the extent that Plaintiff's correspondence (ECF Nos. 92, 93) request a transfer to another facility, the requests are denied for the reasons set forth in the Court's March 10, 2017 Memorandum Order. (*See* Mar. 10, 2017 Mem. Order 3-4.)